IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 09-00091 |
| BRIAN ELSTON | | |

**MEMORANDUM**

**SCHMEHL, J.** */s/JLS*                                                                                          **October 2, 2023**

On April 7, 2009, Defendant pled guilty in an open plea to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On June 29, 2010, Defendant was sentenced by the late Honorable James Knoll Gardner to a term of 78 months' imprisonment followed by a 25-year term (300 months) of supervised release. According to Defendant, he was released from prison on May 18, 2013, and began serving his 25-year term of supervised release. To date, he has served over 123 months of his 300-month term of supervised release. Presently before the Court is the Defendant's motion for early termination of the remainder of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). For the reasons that follow, the motion is denied.

Defendant advances several reasons in support of the motion: (1) he has been in compliance with the conditions of his supervised release; (2) he is a 49-year old law-abiding citizen who has successfully reintegrated into society and presents a minimal risk of recidivism; (3) he has fulfilled his financial obligations under his sentence and maintains a stable residence in Reading, Pa.; (4) he has completed sex offender counseling; and (5) early termination of his supervised release satisfies the interest of justice.

1

Under 18 U.S.C. § 3583(e)(1), the Court must first consider whether the provisions of 18 U.S.C. § 3553(a)(1)-(7) support early termination of Defendant's supervised release. In the instant case, the pertinent factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; . . . 18 U.S.C. § 3553(a)(1)-(7); see also *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020) ("District Courts are not required to make specific findings of fact with respect to each of these factors; rather 'a statement that [the district court] has considered the statutory facts is sufficient.'")

In this case, Defendant pled guilty to one count of possession child pornography. Defendant shared child pornography on a "peer to peer" computer network. A search of Defendant's home revealed over 250 video files and 1900 images of child pornography, including lascivious exhibition of the genitals, masturbation, sexual intercourse, S & M, bestiality, and prepubescent videos and images. Thus, the nature and circumstances of the offense are extremely serious. Given the extremely serious nature of the offense, Judge Gardner obviously believed a substantial term of supervised release was necessary to provide just punishment, protect the public from Defendant and to deter others.[1] Indeed, the federal Sentencing Guidelines applicable to

---

[1] At sentencing, Judge Gardner stated, "I considered and imposed a period of supervised release. There's a mandatory minimum of five years of supervised release, there is a maximum of a lifetime of supervised release. The Guideline provisions are five years to life. Because of the difficulty of curing people from addictions and compulsions such as this and the fact that the demographic of people who commit child pornography offenses are people in their middle ages, people in their 60s and 50s, I concluded that it was appropriate to keep the defendant under supervision for 25 years, and not a lifetime of supervision. That would be overkill I think in this case because the defendant has no prior offense record here or prior history of repeated crimes. When he did it, he did it big time, but he only did it once and recently. A supervised release sentence of 25 years is sufficient but not greater than necessary to address the supervision needs of the defendant. And that -- that supervised release sentence will permit

Defendant called for a range of supervised release of five years to a lifetime of supervision. Judge Gardner struck what he believed to be a proper balance and sentenced Defendant to 25-year term of supervision.

After requiring that a Court consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), 18 U.S.C. § 3583(e)(1) states that a court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). In addition, a "district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. "[A] district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. at 52.

Here, the Court is pleased to learn that Defendant has fulfilled his financial obligations under his sentence, has completed sex offender counseling and maintains a stable residence. Yet, the fact remains that Defendant has not even served half of the 300-month term of supervised release. And because Defendant was released from incarceration after served only approximately 34 months of his 78-month sentence, he was able to commence his term of supervised release much earlier than expected.[2]

This is not a case where permitting early termination of a defendant's supervised

---

the public to be protected for a long period of time, they'll be protected for the six years that he's behind bars from his committing future crimes and they'll be protected to a degree during the 25 years of supervised release when he is under the supervision of a probation officer. And if he does violate, he will go back to jail for an additional number of years."  ECF 38, pp. 82-83.

2  The Defendant did receive credit for approximately 12 months of time served on a state court sentence and four months of time served while he was in federal custody while waiting to be sentenced.

release will allow the Probation Office to save the unnecessary time and expense of having to continue to monitor a defendant who has clearly complied with the **majority** of the length of his term of his supervised release and has demonstrated that he is ready to renter society. Nor is this a case where the defendant alleges that his continued supervision is in any way impeding his ability to obtain employment, travel, or live his life.

      In short, neither consideration of the § 3553(a) factors nor the conduct of the Defendant and the interest of justice warrant early termination of his supervised release.